IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY D. DABNEY, II, *and All Others*, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:16-cv-3813-WSD-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Gregory D. Dabney's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Dabney's application, I find that he meets the requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The underlying dispossessory complaint,[1] which arose from a foreclosure, was filed in August 2012. Plaintiff Wells Fargo, N.A. ("Wells Fargo") demanded possession of the premises, and it does not appear that Wells Fargo demanded any past due rent or current rent in the complaint. Dabney attempted to remove his eviction case to this Court while raising counterclaims against Wells Fargo and various Georgia officials, and the case was remanded for lack of subject matter jurisdiction. On March 26, 2013, judgment was entered against Dabney, and a writ of possession was set to issue on April 9, 2013. Dabney appealed his dispossessory case to the Superior Court of Fulton County. In September 2014, the appeal was dismissed as untimely, and he appealed to the Georgia Court of Appeals. In October 2014, the Georgia Court of Appeals dismissed his application for discretionary appeal for lack of jurisdiction.

On October 13, 2016, Dabney filed the instant notice of removal. He argues that this Court has subject matter jurisdiction over the 2012 dispossessory

---

[1] For the procedural history of this case, I rely on the portions of the state court record supplied by Dabney in his notice of removal [Doc. 1-1 at 13-15] and the public docket in Northern District of Georgia case number 1:12-cv-2980-JEC. I also take judicial notice of the public dockets for case number 12ED588149 in the Magistrate Court of Fulton County, case number 2013CV232237 in the Superior Court of Fulton County, and case number A15D0080 in the Georgia Court of Appeals.

2

complaint because he was denied a jury trial in state court, depriving him of a fair trial and equal protection, and because Wells Fargo lacked standing under state law. He invokes the Court's federal question jurisdiction, diversity jurisdiction, supplemental jurisdiction, multiparty, multiforum jurisdiction, and removal jurisdiction over civil rights cases under 28 U.S.C. §1443.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 13.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Dabney wishes to raise counterclaims based on the numerous treaties, constitutional provisions, and federal laws that he cites in his notice of removal, this Court may

look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Dabney also has not shown that there is diversity jurisdiction in this case. Wells Fargo's dispossessory claim cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in 28 U.S.C. § 1332(a), and Dabney has offered no evidence or argument showing that Wells Fargo's claim for damages exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). In addition, even if there were diversity jurisdiction, it appears that Dabney is a Georgia citizen. As a Georgia citizen, he cannot remove a case filed in a Georgia state court to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

Regarding Dabney's argument that this Court has jurisdiction over his dispossessory case under § 1443, § 1443(1) provides that a defendant may remove a case initiated in state court if she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of

4

the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

To the extent that Dabney seeks to proceed under § 1443(1), he argues that he was denied a jury trial and generally cites his rights to equal protection and a fair trial. These assertions cannot support a claim for removal because § 1443(1) only applies to "specific civil rights stated in terms of racial equality." *See Conley*, 245 F.3d at 1295; *see also id.* at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do[es] not arise from legislation providing for specific civil rights in terms of racial equality[.] Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

Dabney also cannot proceed under § 1443(2), which provides a right of removal "[f]or any act under color of authority derived from any law providing

for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).  The Supreme Court has held that the first clause in § 1443(2)—referring to "any act under color of authority"—confers the right to remove only upon "federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  The second clause—referring to the refusal "to do any act on the ground that it would be inconsistent with such law"—allows removal by state officers.  *Id.* at 824 n.22.  Dabney's reliance on § 1443(2) is therefore misplaced, because he has neither alleged nor shown that he is a federal or state officer or working for one.  *See id.* at 824 & n.22.  Finally, nothing in the record suggests that this case involves a mass casualty accident for purposes of proceeding under the multiparty, multiforum provisions in 28 U.S.C. §§ 1369 and 1441(e), and Dabney cannot rely on supplemental jurisdiction because this Court does not have original jurisdiction over the removal action.  *See* 28 U.S.C. § 1367(a).

In sum, Dabney has demonstrated that he is indigent for purposes of proceeding IFP, and his IFP application is **GRANTED**.  [Doc. 1.]  Because it is

clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

    IT IS SO ORDERED AND RECOMMENDED this 18th day of October, 2016.

                                          _____
                                          JOHN K. LARKINS III
                                          United States Magistrate Judge