IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WELLS FARGO BANK, N.A.,

      **Plaintiff,**

v.

GREGORY D. DABNEY, II, and all others,

      **Defendant.**

1:16-cv-3813-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [3] ("R&R"), recommending that this action be remanded to state court.

In August 2012, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed, in the Magistrate Court of Fulton County, its dispossessory action against Defendant Gregory D. Dabney, II ("Defendant"). On October 13, 2016, Defendant filed his Notice of Removal [1.1], removing Plaintiff's complaint from state court. Five days later, on October 18, 2016, the Magistrate Judge issued his R&R, recommending that this action be remanded to the Magistrate Court of Fulton County for lack of subject matter jurisdiction. The parties did not file objections to the R&R, and the Court thus reviews it for plain error. See United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

The Magistrate Judge determined that the Court lacks federal question jurisdiction because Plaintiff's complaint asserts a state claim for dispossession, and Defendant's reliance on federal law, in his defenses or counterclaims, does not confer subject matter jurisdiction over this action. The Court finds no plain error in this conclusion. See Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) ("[P]laintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("[T]he dispossessory claim that forms the basis of this action is exclusively a matter of state law."); Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001) ("[T]he court must look only to the

plaintiff's claim as a basis for federal jurisdiction.").

The Magistrate Judge also found that Defendant failed to establish diversity jurisdiction because Defendant appears to be a Georgia citizen, Plaintiff's dispossessory claim cannot be reduced to a monetary sum, and there is no evidence that Plaintiff's claim for damages exceeds $75,000.  The Court finds no plain error in these determinations.  See Dhinoja, 705 F. Supp. 2d at 1382 (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy); 28 U.S.C. § 1441(b)(2) (a civil action may not be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").[1]

Defendant has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to the Magistrate Court of Fulton County.  Cf. Dhinoja, 705 F. Supp. 2d 1378 (finding that the court lacked federal jurisdiction over a state dispossessory action,

---

[1] The Magistrate Judge also found that Plaintiff failed to demonstrate subject matter jurisdiction under 28 U.S.C. § 1443(1)-(2), 28 U.S.C. § 1369, 28 U.S.C. § 1441(e), or 28 U.S.C. § 1367(a), all of which clearly have no application in this action.  The Court finds no plain error in this determination.

after it had been removed, and remanding to state court for further proceedings).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County.

**SO ORDERED** this 15th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE